UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IVAN A WILLOUGHBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 1:13-cv-01241-SEB-MJD |
| | ) |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Ivan Allen Willoughby not entitled to Supplemental Security Income ("SSI"). The Administrative Law Judge ("ALJ") denied Mr. Willoughby's application for SSI after concluding that there are jobs that exist in significant numbers in the national economy that Mr. Willoughby can perform, including a Cleaner (in hospital or medical settings) or Vehicle Cleaner. This case was referred to Magistrate Judge Dinsmore for consideration. On July 7, 2014, Magistrate Judge Dinsmore issued a report and recommendation that the Commissioner's decision be upheld because it was supported by substantial evidence and was otherwise in accord with the law. This cause is now before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

**Standard of Review**

1

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been

raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

## Discussion

Mr. Willoughby objects to Magistrate Judge Dinsmore's Report and Recommendation, arguing that the Magistrate Judge erroneously concluded that the ALJ evaluated all of the medical opinions in the Record. Mr. Willoughby contends that in determining his RFC, the ALJ erred by failing to evaluate medical opinions regarding the functional effects of his schizoaffective disorder.

Mr. Willoughby first argues that the ALJ failed to consider opinions from a Report of Psychiatric Status prepared on November 30, 2010, by the Centerstone treatment team. Specifically, Mr. Willoughby claims that the ALJ failed to consider the following four opinions set forth in that report: (1) that he exhibits symptoms of paranoia and becomes anxious when in situations around others; (2) that he is somewhat defensive regarding criticism and could be easily angered around others because of paranoia; (3) that he experiences auditory hallucinations, which make it difficult for him to concentrate and complete tasks; and (4) that he becomes anxious in social environments, and may become agitated. R. at 293, 295.

However, as recognized by the Magistrate Judge in his Report, while the ALJ did not cite specifically to the particular pages in the record referenced by Mr. Willoughby, the substance of those opinions was in fact addressed by the ALJ in making his RFC assessment. For example, the ALJ stated that there was evidence that Mr. Willoughby "felt agitated at times and was experiencing anxiety in stores and auditory

hallucinations"; that he "reported a history of hearing voices and paranoia, and said that his medications 'help tremendously'"; and that he "did hear some voices telling him to hit others but he was not acting out on any commands and denied intent to harm himself or others." R. at 58-59 (citing exhibits 2F and 17F, which are the treatment records from Centerstone).

While it is true that the ALJ cannot ignore evidence, he is not required to specifically reference in writing every piece of evidence he considers in reaching his decision. *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005). Here, the ALJ clearly took the substance of the opinions contained in the report prepared by the Centerstone treatment team into account in assessing Mr. Willoughby's RFC, although we concede that he did not mention those opinions explicitly. Accordingly, as the Magistrate Judge found no basis on which to conclude that the ALJ erred by "ignor[ing] important evidence," so we conclude as well. *Walters v. Astrue*, 444 Fed. App'x 913, 917 (7th Cir. 2011) (holding that error exists only when there is "reason to believe that an ALJ ignored important evidence").

Mr. Willoughby also asserts that the ALJ erred in his RFC assessment by failing to evaluate State Agency medical consultant Dr. Joseph Pressner's notation in his Psychiatric Review Technique form (a document intended to aid the ALJ in reaching a determination at step three of the sequential evaluation process) to "Give ts (m100) controlling weight." R. at 317. The Magistrate Judge reasoned, if we assume (as Mr. Willoughby argues we should) that the meaning of this notation is that Dr. Pressner intended to defer to Centerstone's Report of Psychiatric Status, such an assumption

4

would override Dr. Pressner's own RFC assessment as set forth in his Mental Residual Functional Capacity Assessment, a document completed for purposes of aiding the ALJ in his RFC assessment. We agree with the Magistrate Judge that this simply makes no sense. Moreover, it is the ALJ's duty rather than the duty of the medical consultant to consider various medical opinions and establish their weight. *See* 20 C.F.R. § 416.927. Accordingly, we agree with the Magistrate Judge that the ALJ did not err in his RFC assessment by failing to evaluate Dr. Pressner's notation.

## **Conclusion**

For the reasons detailed above, Mr. Willoughby's objections are <u>OVERRULED</u> and we <u>ADOPT</u> the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.

Date: _____9/16/2014_____              _____
                                                                                            SARAH EVANS BARKER, JUDGE
                                                                                            United States District Court
                                                                                            Southern District of Indiana

Distribution:

Timothy J. Vrana
tim@timvrana.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov